IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DANNY V. MILUM,** ) | **CASE NO.  3:06 CV 7009** |
| ) | |
| **Plaintiff/Petitioner,** ) | |
| ) | |
| v. ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant/Respondent.** ) | **MEMORANDUM OPINION** |

This matter is before the Court upon the Motion to Dismiss, filed by Defendant/ Respondent, United States of America ("Respondent"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted (Document #10).  For the following reasons, Respondent's Motion to Dismiss is hereby GRANTED.

**Factual and Procedural Background**

On June 20, 2005, Petitioner, Danny V. Milum, was sentenced for possession of child pornography, in violation of 18 U.S.C. §§ 2252, in Case No. 3:04 CR 793, in the United States District Court for the Northern District of Ohio. (Respondent's Exhibit 1a at p. 2.)  Petitioner was

sentenced to a twenty-four (24) month term of incarceration, with a three (3) year term of supervised release to follow which commenced on July 11, 2005. (Respondent's Exhibit 1a at p. 3.) Petitioner is currently incarcerated at the Federal Correctional Institution, Elkton, Ohio. (Respondent's Exhibit 1a at p.1.)

On January 6, 2006, Petitioner filed a pro se motion against Respondent, pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside or correct his sentence. (Docket #1.) The case was assigned to Judge James Carr. On March 2, 2006, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket #4.) On March 9, 2006, the Court determined that the pro se Petitioner was actually making a challenge pursuant to 28 U.S.C. § 2241, not pursuant to 28 U.S.C. § 2255, and the case was reassigned to Judge Nugent. (Docket #5.)

In his Petition for Writ of Habeas Corpus, Petitioner (1) alleges that he was unlawfully denied placement in a Community Corrections Center ("CCC") (Docket #s 1 and 4); (2) challenges the regulation implemented by the Federal Bureau of Prisons ("BOP") governing the length of time a federal inmate may be placed in a CCC (Docket #s 1 and 4); and, (3) argues that his Good Conduct Time ("GCT") is being improperly computed, and as a result that he is receiving GCT at a rate of forty-seven (47) days per year as opposed to fifty-four (54) days per year as provided under the applicable statute governing GCT. (Docket #4.)

On May 8, 2006, Respondent filed its Motion to Dismiss (Docket #10) arguing that the Petition for Writ of Habeas Corpus filed by Petitioner be dismissed because Petitioner failed to exhaust his available administrative remedies; that Petitioner's allegation that he was unlawfully denied placement in a CCC is not ripe for adjudication and, that even if it were, the BOP is entitled to determine the place

of a prisoner's imprisonment; that the February 2005 BOP Rules to do not violate the ex post facto clause because they do not increase the penalty imposed on Petitioner as punishment for the crime; and, that the BOP's computation of Petitioner's GCT is correct under 18 U.S.C. § 3624.

On May 30, 2006, Petitioner filed his Motion for Rebuttal of Objections Raised by Defendant. (Docket #11.) First, Petitioner argues that he was not "obligated to follow" the available administrative remedies because the process is "long and arduous" and was unlikely to result in a finding in his favor. Second, Petitioner argues that the insertion of "N/A" with regard to CCC placement "means that the Petitioner was not being considered for the placement," rather than that he was not yet eligible for CCC placement. Petitioner believes that he should have immediately been considered for CCC placement and that his "case manager" in this case failed to complete the paperwork which prevented him from obtaining his "full complement of time" in the CCC. Third, Petitioner states that while he agrees that the BOP is entitled to determine his "place of imprisonment," he is entitled to be placed in a CCC. Fourth, Petitioner argues that Respondent's calculation of GCT is incorrect. Finally, Petitioner asserts that his Plea Agreement, as a legal and binding contract, has been breached by the BOP. Petitioner reiterates his desire to complete his sentence at a CCC and be given the GCT to which he believes he is entitled.

On June 13, 2006, Respondent filed its Reply to Petitioner's Motion for Rebuttal of Objections. (Docket #12.) Respondent asserts that the BOP has not denied Petitioner's request for CCC placement. Rather, no decision has been made regarding Petitioner's suitability for placement at a CCC, nor has a decision been made as to the appropriate length of CCC placement. Further, Respondent states that "although Petitioner is frustrated at the pace the BOP is moving, he has not demonstrated that the administrative process is futile." Finally, Respondent asserts that the February

2005 rules of the BOP are consistent with statutory authority.

## Discussion

When a respondent moves to dismiss on grounds of lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the petitioner has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990). The petitioner need only show that the complaint alleges a substantial claim under federal law. *Id.* In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citing *Rogers v. Stratton Industries,* 798 F.2d 913, 916 (6th Cir.1986)). However, where a respondent argues that the petitioner has not alleged sufficient facts in his/her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true. *Id.*

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper only when a petitioner can prove no set of facts in support of his claim that would entitle him to relief. *United Food & Commer. Workers Local 1099 v. City of Sidney*, 364 F.3d 738, 745 (6th Cir. 2004) (citing *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). When considering a motion for dismissal, a court must draw all inferences in favor of the petitioner and accept all factual allegations as true, but need not accept as true legal conclusions or unwarranted factual inferences. *United Food & Commer. Workers*, 364 F.3d 738, 745 (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Based upon a thorough review of Petitioner's claims, as well as the Motion to Dismiss and supporting documentation filed by Respondent, the Motion for Rebuttal of Objections Raised by Defendant, and the Reply to Petitioner's Motion filed by Respondent, this Court finds dismissal of the

Petition filed by Petitioner to be proper. First, Petitioner failed to fully exhaust the judicially created BOP administrative remedies for federal prisoners bringing a claim pursuant to 28 U.S.C. § 2241. See 28 C.F.R. §§ 542.10-543.16 (1987). Exhaustion of administrative remedies is required prior to the filing of a habeas corpus petition challenging the fact or duration of a sentence. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981). Petitioner has not demonstrated that the administrative process is futile.

Second, Petitioner's claim with regard to placement in a Community Corrections Center is not ripe for adjudication, as there has been no decision relative to Petitioner's suitability for CCC placement or the length of CCC placement. Even if Petitioner's claim regarding CCC placement was ripe for adjudication, 18 U.S.C. § 3621 grants the BOP broad discretion to designate the place of the prisoner's imprisonment.

Third, the February 2005 rules of the BOP do not violate the *ex post facto* clause because they do not increase the penalty imposed on Petitioner as punishment for the crime. The mere fact the February 2005 BOP rules make Petitioner eligible for transfer to a CCC only during the final 10 percent of his sentence does not constitute an ex post facto violation. The new regulation does not impact Petitioner's sentence or parole options. Further, the February 2005 rules of the BOP are consistent with statutory authority.

Finally, as the detailed explanation offered by Respondent illustrates, Petitioner's Good Conduct Time was computed by the BOP in a manner consistent with the language of 18 U.S.C. § 3624(b) and in a manner that is reasonable. Petitioner's computation of his GCT would permit Petitioner to earn GCT for time he was not incarcerated.

## Conclusion

For the foregoing reasons, the Motion to Dismiss (Docket #10) filed by Respondent, United States of America, is hereby GRANTED. Petitioner's Petition for Writ of Habeas Corpus (Docket #s 1 and 4) is hereby DISMISSED in its entirety.

IT IS SO ORDERED.

                                                            s/Donald C. Nugent
                                                            DONALD C. NUGENT
                                                            United States District Judge

DATED: June 27, 2006